PROB 12C
(Rev. 2011)

# United States District Court
## for
## Middle District of Tennessee
## Supplemental Petition for Warrant or Summons
## for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 2062]

Name of Offender: <u>Joedon Bradley</u>   Case Number: <u>3:10-00163-09</u>

Name of Sentencing Judicial Officer: <u>Honorable Aleta A. Trauger, U.S. District Judge</u>

Date of Original Sentence: <u>August 31, 2012</u>

Original Offense: <u>18 U.S.C. 1962(d): Conspiracy to Participate in Racketeering Activity</u>

Original Sentence: <u>48 months' imprisonment followed by 3 years' supervised release.</u>

Type of Supervision: <u>Supervised Release</u>   Date Supervision Commenced: <u>January 2, 2013</u>

Assistant U.S. Attorney: <u>Scarlett Singleton</u>   Defense Attorney: <u>James A. Simmons</u>

## PETITIONING THE COURT

☐ To issue a Summons.
☐ To issue a Warrant.
■ To Consider Additional Violation / Information.

---

THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ Other  *To be considered at hearing to be held 9/18/14 at 2:30pm.*

Considered this <u>10th</u> day of
<u>Sept.</u>, 2014, and made a part of
the records in the above case.

_____
Honorable Aleta A. Trauger
U. S. District Judge

I declare under penalty of perjury that the
foregoing is true and correct. Respectfully
submitted,

_____
Lisa A. Capps
Sr. U.S. Probation Officer

Place   Columbia, TN

Date   September 10, 2014

## ALLEGED VIOLATIONS

**The information provided in the previous petition, filed as docket entry No. 2062, has been amended as follows:**

**Violation No. 2 has been added detailing the offender's arrest for criminal impersonation on May 5, 2014. Violation No. 3 has been added detailing a positive urine screen submitted on August 25, 2014.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|

**1.**     **Shall not commit another federal, state, or local crime:**

On August 21, 2014, Joedon Bradley was arrested by the Metropolitan Nashville Police Department (MNPD), Nashville, Tennessee, for Possession with Intent to Sell a Schedule I Controlled Substance (Class B Felony), and Possession With Intent to Sell .5 Grams of Cocaine Base (Class B Felony) in violation of State of Tennessee Code Annotated 39-17-417. According to the Affidavit, Mr. Bradley was stopped on Elm Hill Pike for speeding (49 mph in a 40 mph zone). When the officer walked up to the vehicle he noticed a strong odor of marijuana coming from inside the vehicle. The officer asked Mr. Bradley to step out of the vehicle and noticed the odor of marijuana on his person. During a search of the vehicle, the officer found a folded piece of paper in the overhead sunglass holder with a white rock inside, that field tested positive for cocaine base .5 grams. The officer then conducted a search of Mr. Bradley's person and found a baggie with brown/yellow rocks between Mr. Bradley's "butt crack," that field tested positive for heroin and weighed approximately 5.6 grams. Mr. Bradley was found to have a fold of cash in his front pocket in denominations consistent with drug sales. $1,337 cash was seized from Mr. Bradley along with his 2006 Dodge Charger. When questioned by the officer, Mr. Bradley stated the brown/yellow rocks were not heroin, but medication for animals. The substance was sent to the Tennessee Bureau of Investigation (TBI) lab for testing.

This officer spoke with MNPD Officer Whittaker on August 21, 2014, during the traffic stop and he advised that Mr. Bradley was going to be charged with felony drug offenses. He stated that Mr. Bradley was alone in the vehicle and the heroin was found between his "butt crack." He also stated that Mr. Bradley's vehicle and money would be seized.

On August 22, 2014, this officer spoke with Mr. Bradley, who advised that he does not sell drugs and the money the officer seized was from his employment. Mr. Bradley reported that he has been riding his motorcycle lately and that his brother has been using his vehicle. He stated when he got in the car it smelled like marijuana, but he denied smoking it. Mr. Bradley advised that he did not know there was anything in the car. When I questioned him about the alleged heroin found in his "butt crack," he stated that was a lie. He reported that what the officer said was heroin was actually plant food. He stated he had put the baggie in his shirt, and after they searched him several times, it fell out of his shirt, not his "butt crack."

**2.**     <u>Shall not commit another federal, state, or local crime:</u>

On May 5, 2014, Joedon Bradley was arrested by the Metropolitan Nashville Police Department (MNPD), Nashville, Tennessee, for Criminal Impersonation (Class B Misdemeanor) in violation of State of Tennessee Code Annotated 39-16-301. According to the Affidavit, officers made contact with Mr. Bradley who was loitering in a high drug area and he smelled like marijuana. Officers asked Mr. Bradley his name and he stated that his name was Tony Thompson. Officers attempted to locate his name in computerized records, but could not find him. Officers then asked for his identification, and Mr. Bradley was non-compliant for several minutes before finally giving them his identification which identified him as Joedon Bradley. Mr. Bradley appeared in Davidson County General Sessions Court Case Number SCE144970 on August 11, 2014, and the case was dismissed on costs.

On May 6, 2014, this officer spoke with Mr. Bradley who advised that he was sitting on the front porch with relatives when they asked him his name. Mr. Bradley stated that he did not tell officers his name because he was on his own property. Mr. Bradley believed the police were harassing him due to his criminal history.

**3.**     <u>The defendant shall refrain from any unlawful use of a controlled substance:</u>

On August 25, 2014, Mr. Bradley submitted a urine screen at the probation office, which was returned positive for marijuana by Alere Laboratories, Gretna, Louisiana. That same day, Mr. Bradley initially denied any use, but then admitted "I hit a blunt" on Friday, August 22, 2014, because he was stressed out and had "a lot of things going on."

## Compliance with Supervision Conditions and Prior Interventions:

Mr. Bradley has been on supervision since January 2, 2013. His supervision will expire on January 1, 2016.

A 12A petition was submitted on October 15, 2013, notifying the Court of Mr. Bradleys's new charges for Driving on a Suspended License on June 18, 2013, and again on October 1, 2013. It was recommended he be continued on supervision and allow the charges to be handled in Davidson County General Sessions Court. Your Honor signed said petition on October 15, 2013, and no action was taken.

On January 16, 2014, a 12A petition was submitted notifying the Court of Mr. Bradley's arrest on charges of Domestic Assault on December 6, 2013. The state case was dismissed on January 8, 2014. It was recommended no action be taken as a result of the dismissal. Your Honor signed said petition on January 16, 2014, ordering no action.

On April 15, 2014, a 12A petition was submitted notifying the Court of Mr. Bradley's arrest on charges of Driving on a Suspended License on April 9, 2014. It was recommended he be continued on supervision and allow the charges to be handled in Davidson County General Sessions Court. Your Honor signed said petition on April 16, 2014, and no action was taken.

On August 22, 2014, a 12C petition was submitted notifying the Court of Mr. Bradley's arrest on new felony drug charges. Your Honor signed said petition on August 25, 2014, ordering a warrant be issued. The warrant was executed on August 28, 2014, and Mr. Bradley was released on the same conditions pending the revocation hearing.

### Update of Offender Characteristics:

Mr. Bradley currently resides with his Grandmother, Patricia Bailey, in Madison, Tennessee. He is employed with Commercial Cleaning, Nashville, Tennessee. The probation officer completes frequent surprise home visits at the offender's residence.

### U.S. Probation Officer Recommendation:

**It is respectfully requested that the additional violations and/or information be considered at the revocation hearing which has not been scheduled. The U.S. Attorney's Office is agreeable with this recommendation.**

Approved: *[signature]*
Jim Perdue
Deputy Chief U.S. Probation Officer

## SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. JOEDON BRADLEY, CASE NO. 3:10-00163-09

**GRADE OF VIOLATION:** A
**CRIMINAL HISTORY:** IV

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003     PROTECT ACT PROVISIONS

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 5 years (Class A felony) *18 U.S.C. § 3583(e)(3)* | 37-46 months U.S.S.G. § 7B1.4(a) | 37 months |
| SUPERVISED RELEASE: | 5 years less any term of imprisonment *18 U.S.C. § 3583(h)* | 5 years less any term of imprisonment U.S.S.G.§ 5D1.2(a)(2) | 23 months |

**Statutory Provisions:** Revocation is mandatory if the Court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection (d). 18 U.S.C. § 3583(g)(1). Revocation is also mandatory if the defendant refuses to comply with drug testing imposed as a condition of supervised release, 18 U.S.C. § 3583(g)(3). The Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583(d).

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). Upon revocation of supervised release, the defendant faces imprisonment of up to five years, pursuant to 18 U.S.C. §3583(e)(3).

**Guideline Policy Statements:** The guidelines set out in Chapter 7 of the United States Sentencing Guideline Manual are advisory. The violation listed above is a Grade A violation. Upon a finding of a Grade A violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(1).

Respectfully Submitted,

Lisa A. Capps
Sr. U.S. Probation Officer

Approved: Jim Perdue
Deputy Chief U.S. Probation Officer